```
================================================================
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF FLORIDA
                     ORLANDO DIVISION
================================================================
```

PARIS BACCHUS, individually     )
and on behalf of THE FAIRY'S    )
ELDERBERRY LLC,                 )
                                )
            Petitioner,         )
                                )  Case No. _____
       v.                       )
                                )
BLOCK, INC. (f/k/a Square,      )
Inc.), SQUARE CAPITAL, LLC,     )
SQUARE FINANCIAL SERVICES,      )
INC., CFG MERCHANT SOLUTIONS,   )
LLC, and SHOPIFY INC.,          )
                                )
            Respondents.        )
                                )

```
================================================================
                      PROPOSED ORDER
       GRANTING PETITION TO COMPEL ARBITRATION
        AND APPOINTING NEUTRAL ARBITRATOR
================================================================
```

THIS CAUSE having come before the Court upon Petitioner's Verified Petition to Compel Arbitration and for Appointment of Arbitrator, filed pursuant to 9 U.S.C. Sections 4 and 5 of the Federal Arbitration Act, and the Court having reviewed:

    (a) The Verified Petition to Compel Arbitration and for Appointment of Arbitrator;

    (b) The Declaration of Paris Bacchus in Support of the Verified Petition;

    (c) The Memorandum of Law in Support of the Verified Petition;

    (d) The Emergency Motion for Expedited Consideration and Temporary Restraining Order;

    (e) The Application to Proceed In Forma Pauperis;

    (f) The Motion for Liberal Construction of Pro Se Filings and for Leave to Amend Without Prejudice;

    (g) The Motion to Compel Identification of Counsel; and

(h) The Motion for Adverse Inference Instruction and Sanctions for Spoliation of Evidence;

and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1.    Petitioner's Verified Petition to Compel Arbitration is GRANTED.

2.    Respondents Block, Inc. (f/k/a Square, Inc.), Square Capital, LLC, Square Financial Services, Inc., CFG Merchant Solutions, LLC, and Shopify Inc. are hereby ORDERED to submit to binding arbitration of all claims set forth in the Fourth Amended Demand for Arbitration, AAA Case No. 01-26-0003-1512, within thirty (30) days of the date of this Order.

3.    Pursuant to 9 U.S.C. Section 5, the Court hereby APPOINTS _____ as neutral arbitrator to preside over the arbitration of this matter. Said arbitrator shall have demonstrated expertise in commercial disputes involving payment processing, financial services, and/or consumer protection.

4.    The Court FINDS that the contractually designated method for appointing an arbitrator â€" administration by the American Arbitration Association ("AAA") â€" has lapsed within the meaning of 9 U.S.C. Section 5, due to the AAA's retroactive application of an increased fee schedule to a case filed under a prior schedule and the AAA's threatened closure of the case for non-payment of a retroactively manufactured shortfall. See Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000).

5.   The arbitration shall proceed under the AAA Commercial Arbitration Rules (2021 Edition), or such modified procedural rules as the Court-appointed arbitrator deems appropriate after consultation with the parties.

6.   Consistent with the fee-shifting provision of the October 2021 Square General Terms of Service, which provides that "Square will pay all arbitration fees," Respondents SHALL BEAR THE FULL COSTS of the arbitration, including without limitation all arbitrator compensation, administrative fees, hearing room fees, and other costs of the proceeding.

7.   The Court FINDS that the January 1, 2025 AAA Fee Schedule applies to this case. Petitioner's hardship fee waiver of $3,106.25 fully satisfies the $2,975.00 initial filing fee under that schedule. No additional filing fee is owed by Petitioner.

8.   Respondents SHALL IDENTIFY all counsel of record in this matter, by name and bar number, within fourteen (14) days of the date of this Order. Communications through anonymous or non-attorney electronic mail addresses â€" including but not limited to litigation-paralegals@block.xyz â€" do not satisfy this requirement. A corporation may not appear pro se in federal court. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).

9.   The Court-appointed arbitrator SHALL ENTER a scheduling order within thirty (30) days of appointment, which shall include deadlines for initial disclosures, document production, witness identification, and the arbitration hearing.

10. The Court FINDS that the forum selection clause in the Square Terms of Service, purporting to require that disputes be filed in the United States District Court for the Northern District of California, is UNENFORCEABLE as applied to this Petition, for the reasons stated in the Verified Petition at Paragraph 12. This Court has jurisdiction under 9 U.S.C. Section 4, 28 U.S.C. Section 1332(a) (diversity of citizenship), and 28 U.S.C. Section 1331 (federal question).

11. Petitioner's Application to Proceed In Forma Pauperis is GRANTED. The filing fee is WAIVED pursuant to 28 U.S.C. Section 1915.

12. Petitioner's Motion for Liberal Construction of Pro Se Filings and for Leave to Amend Without Prejudice is GRANTED. All filings by Petitioner in this case shall be liberally construed consistent with Haines v. Kerner, 404 U.S. 519 (1972), and its progeny.

13. This Court RETAINS JURISDICTION to:

   (a) Enforce this Order and the arbitration agreement;

   (b) Confirm, vacate, or modify any arbitration award pursuant to 9 U.S.C. Sections 9-11;

   (c) Address any disputes arising from the arbitration process; and

   (d) Impose sanctions for non-compliance with this Order.

14. The Clerk of Court is DIRECTED to serve a certified copy of this Order upon all parties, upon the American Arbitration Association at 120 Broadway, Floor 21, New York, New York 10271, and upon the

Court-appointed arbitrator.

DONE AND ORDERED in Chambers at Orlando, Florida,
this _____ day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Paris Bacchus, Petitioner, Pro Se
260 Loraine Drive, Apartment 107
Altamonte Springs, Florida 32714

Block, Inc. (f/k/a Square, Inc.)
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

Block, Inc. (f/k/a Square, Inc.)
c/o C T Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

Square Capital, LLC
c/o C T Corporation System
330 North Brand Boulevard, Suite 700
Glendale, California 91203

Block, Inc.
Attention: Office of the General Counsel
1955 Broadway, Suite 600
Oakland, California 94612

CFG Merchant Solutions, LLC
32 Old Slip, Suite 600
New York, New York 10005

Shopify Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

American Arbitration Association
120 Broadway, Floor 21
New York, New York 10271