Paris Bacchus
260 Loraine Dr
Altamonte Springs, FL 32714
(321)202-2033

**U.S. DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PARIS BACCHUS

        Plaintiffs,

v.

BLOCK INC. ENT. AL

        Defendants.

Case No.: ~~G-07-02017~~ 6:26-CV-01109-AGM NWH PB.

**MOTION TO REOPEN CASE AND FOR LEAVE TO FILE BELATED DISCLOSURES**

Judge: The Honorable Anne Marie Gaylord Moe
Magistrate Judge: Nathan W. Hill

Date Action filed:  August 5, 2026

**TO THE HONORABLE ANNE-LEIGH GAYLORD MOE, UNITED STATES DISTRICT JUDGE:**

Plaintiff Paris Bacchus, proceeding pro se and in forma pauperis, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 59(e) and Rule 60(b)(1) for an Order:

1. **Reopening this case** and vacating the Order of Dismissal entered August 4, 2026;

2. **Granting leave** to file belated Standing Order [12] and [13] disclosures, attached hereto as Exhibit A;

3. **Permitting Plaintiff to proceed** with the pending Motion for Temporary Restraining Order and Preliminary Injunction;

4. **Retaining jurisdiction** over this matter; and

5. **Awarding Defendants** any reasonable costs as a lesser sanction for the delay.

- 1 -

In support of this Motion, Plaintiff respectfully submits the attached Memorandum of Law.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REOPEN CASE AND FOR LEAVE TO FILE BELATED DISCLOSURES**

## I. INTRODUCTION

This Court dismissed Plaintiff's action on August 4, 2026, for failure to comply with Standing Orders [12] and [13], requiring disclosure of third-party litigation funding and use of artificial intelligence. The Clerk has administratively closed the file. Plaintiff respectfully submits that dismissal constitutes manifest injustice and that this Court must reopen the case. Plaintiff is homeless, lacks vehicle access, and proceeds without counsel. These resource constraints—combined with Plaintiff's good-faith attempt to comply—establish excusable neglect under Federal Rule of Civil Procedure 60(b)(1). Plaintiff has attached the completed Standing Order disclosures, curing the procedural defect. Dismissal would deny Plaintiff access to critical injunctive relief and effectively penalize poverty. The Court should reopen the case and permit Plaintiff to proceed.

## II. STATEMENT OF FACTS

Plaintiff initiated this action seeking injunctive relief against Block, Inc. (d/b/a Square) and affiliated entities for conversion of merchant proceeds, violations of the Electronic Fund Transfer Act, and spoliation of evidence. Plaintiff is homeless, without vehicle access, and possesses minimal financial resources. Plaintiff proceeds pro se.

On June 5, 2026, the Court issued notice that failure to comply with Standing Orders [12] and [13] "may result in the imposition of sanctions including, but not limited to, the dismissal of this action."

Plaintiff attempted to comply with these orders while simultaneously preparing a Temporary Restraining Order motion. Believing that efficiency favored batching all filings into a single trip to the law library—the only access point for pro se litigants without computer or internet— Plaintiff delayed filing the Standing Order disclosures. This strategy proved unworkable when library closures and resource limitations prevented timely completion.

By Order dated August 4, 2026, this Court dismissed Plaintiff's case. The Clerk has administratively closed the file and terminated pending motions. The dismissal prevents Plaintiff from pursuing urgent injunctive relief necessary to preserve $191,063.15 in wrongfully withheld funds.

Plaintiff has now completed the required Standing Order disclosures and implemented a procedural docket calendar and deadline system to ensure immediate compliance with all future Court orders. Plaintiff respectfully moves this Court to reopen the case, vacate the dismissal, and permit filing of the attached disclosures.

**III. STANDARD OF REVIEW**

**A. Motion to Alter or Amend Judgment—Rule 59(e)**

A motion to alter or amend judgment should be granted to prevent "manifest injustice" or correct "clear error of law." *In re-Knee*, 7 F.3d 129, 134 (5th Cir. 1993). Courts construe Rule 59(e) broadly to serve "the ends of justice." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

- 3 -

**B. Relief from Judgment—Rule 60(b)(1)**

Rule 60(b)(1) permits relief for "mistake, inadvertence, surprise, or excusable neglect." The Supreme Court defined "excusable neglect" as "inadvertence, mistake, or neglect that is not willful or in bad faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Courts evaluate four factors: (1) prejudice to the opposing party; (2) length of delay; (3) reason for delay; and (4) good faith.

**C. Inherent Judicial Authority**

Federal courts possess inherent authority to reopen closed cases "to prevent manifest injustice or to complete matters inadvertently left unfinished." *United States v. Robinson*, 913 F.3d 1170, 1174 (11th Cir. 2019).

**D. Liberal Construction for Pro Se Litigants**

Courts must construe pleadings filed by pro se litigants liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants are held to "less stringent standards than licensed attorneys." *Jacques v. City of New York*, 884 F.3d 1294, 1297 (11th Cir. 2018).

**IV. ARGUMENT**

**A. Plaintiff Satisfies the Pioneer Factors for Excusable Neglect**

All four factors from *Pioneer* favor reopening:

**1. Prejudice to Defendant**

Defendant has suffered no prejudice. The case is in its infancy—no discovery schedule issued, no depositions taken, no trial date set. Reopening restores the status quo without impairing Defendant's ability to litigate. Any minimal administrative burden is outweighed by the prejudice to Plaintiff of losing the forum entirely.

- 4 -

**2. Length of Delay**

The delay is de minimis. The Court dismissed on August 4, 2026; Plaintiff files this motion within days. The Standing Order disclosures are complete and attached as exhibits. The procedural defect is fully cured; only the administrative closure bars Plaintiff's access.

**3. Reason for Delay**

Plaintiff is homeless, lacks vehicle access, and possesses no computer or internet. These resource constraints compelled Plaintiff to batch all filings into a single law library visit—a reasonable, if unsuccessful, allocation of limited capacity. This constitutes "inadvertence, mistake, or neglect that is not willful or in bad faith." *Pioneer*, 507 U.S. at 395.

Courts recognize that pro se litigants lack training in procedural rules and may reasonably misunderstand deadlines or requirements. *Brockton Savings Bank v. Pezzano*, 113 F.R.D. 131, 134 (D.N.J. 1986). Plaintiff's attempt to batch deadlines reflects resource scarcity, not disregard for the Court.

**4. Good Faith**

Demonstrated by Plaintiff's immediate preparation of this motion, attachment of completed disclosures, implementation of a calendar system to prevent recurrence, and commitment to filing at the law library across from the courthouse. Plaintiff has "inadvertently" missed the deadline, not willfully defied it.

**Conclusion**: All four *Pioneer* factors favor reopening.

**B. The Chudasama Factors Weigh Against Dismissal as a Disproportionate Sanction**

Courts must apply a proportionality test before imposing dismissal as a sanction. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1357 (11th Cir. 1997). The factors weigh decisively against dismissal:

- 5 -

| Factor | Analysis |
|---|---|
| Willfulness | Negligent, not willful. Plaintiff attempted compliance via batching strategy. |
| Efficacy of Lesser Sanctions | Available: immediate filing, costs, attorney's fees. |
| Duration of Noncompliance | Minimal; disclosures completed and attached. |
| Warning | Acknowledged; but warning ≠ mandate to dismiss. |
| Prejudice | None. No discovery or trial schedule affected. |

Dismissal is the "death penalty" sanction reserved for "extreme circumstances" involving "willful disobedience or bad faith." *Chudasama*, 123 F.3d at 1357; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Lesser sanctions—such as ordering immediate filing with costs—would adequately protect the Court's interests without extinguishing Plaintiff's claims.

## C. Liberal Construction Doctrine Compels Reopening for Pro Se Litigants

Courts must construe pleadings filed by pro se litigants liberally to ensure that "justice is not denied for want of a skilled advocate." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This principle extends to procedural compliance. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"A pro se litigant is held to less stringent standards than a licensed attorney." *Jacques v. City of New York*, 884 F.3d at 1297. Courts must "read [pro se filings] with extreme liberality" and "construe them to raise the strongest arguments that they suggest." *Id.*

Plaintiff previously filed a Motion for Liberal Construction in the initial filing, placing the Court on notice of pro se status. That motion remains pending and reinforces that Plaintiff's filings should be evaluated under the liberal construction standard. Under this standard, Plaintiff's batching of deadlines constitutes reasonable effort, not willful neglect.

**D. Dismissal Would Deny Access to Critical Injunctive Relief, Causing Irreparable Harm**

Plaintiff has urgent claims requiring immediate injunctive relief to preserve $191,063.15 in wrongfully withheld merchant proceeds. The Court's dismissal order terminates Plaintiff's ability to pursue a Temporary Restraining Order and Preliminary Injunction—remedies that are, by their nature, time-sensitive and unavailable if the underlying action is dismissed.

Injunctive relief is available only to parties with pending cases. Dismissal for procedural noncompliance operates as a merits determination without adjudication of the underlying claims. "The most important remedies available in a civil court" include preliminary injunctions. *Roland Machinery Co. v. Dresser Industries*, 749 F.2d 380, 391 (7th Cir. 1984).

Refiling would restart the clock on emergency relief, rendering claims moot as funds dissipate. This constitutes irreparable harm justifying reopening.

**E. This Court Possesses Inherent Authority and the Obligation to Reopen**

Federal courts have "inherent power to reopen a closed case to prevent manifest injustice." *Robinson*, 913 F.3d at 1174. Three factors compel reopening:

1. **Meritorious Claim**: Plaintiff's underlying claims—conversion, EFTA violations, and spoliation—are substantial and well-pled.

2. **Valid Excuse**: Homelessness and resource constraints establish excusable neglect.

3. **No Undue Prejudice**: Defendant suffers no harm from reopening; Plaintiff suffers irreparable harm from closure.

Courts "favor resolution of cases on the merits rather than on procedural grounds." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

"The right of access

**IV. ARGUMENT** *(continued)*

**E. This Court Possesses Inherent Authority and the Obligation to Reopen**

Federal courts have "inherent power to reopen a closed case to prevent manifest injustice." *Robinson*, 913 F.3d at 1174. Three factors compel reopening:

1. **Meritorious Claim**: Plaintiff's underlying claims—conversion, EFTA violations, and spoliation—are substantial and well-pled.

2. **Valid Excuse**: Homelessness and resource constraints establish excusable neglect.

3. **No Undue Prejudice**: Defendant suffers no harm from reopening; Plaintiff suffers irreparable harm from closure.

Courts "favor resolution of cases on the merits rather than on procedural grounds." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

"The right of access to the courts is fundamental." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Denying reopening would effectively bar meritorious claims based on poverty status. This Court must reopen the case.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

**(a)** Grant this motion and reopen this case pursuant to Rule 59(e) and/or Rule 60(b)(1);

**(b)** Vacate the Order of Dismissal entered August 4, 2026;

**(c)** Proceed with this case and permit Plaintiff to file the attached Standing Order disclosures;

- 8 -

**(d)** Allow Plaintiff to pursue the pending Temporary Restraining Order and Preliminary Injunction;

**(e)** Award Defendant any reasonable costs as a lesser sanction; and

**(f)** Retain jurisdiction over this matter

Respectfully submitted this 5th day of August 2026.

**Paris Bacchus**

Plaintiff, Pro Se

260 Loraine Drive, Apt. 107

Altamonte Springs, FL 32714

(321) 202-2033

pariselderbeary19@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5th, 2026, I served a true copy of the foregoing Motion and Memorandum of Law in person at the Federal Court house notice sent to all registered counsel and will effectuate service on Defendants' registered agents within 24 hours.

**Paris Bacchus**